UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY E. DAVIS, Individually and
As Next Friend of C.E. Davis, a Minor, and
MISTY D. DAVIS,

               Plaintiffs,                        Case No. 1:20-cv-488

v.                                               Hon. Janet T. Neff

FARWELL SCHOOL DISTRICT,
DEE YADER, FARWELL BOARD OF ED.,
and FARWELL SUPERINTENDENT OF
BUS DEPARTMENT,

               Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiffs Rodney E. Davis ("Rodney Davis") and Misty D. Davis ("Misty Davis") against the Farwell School District, Dr. Dee Yader [sic], the Farwell Board of Education and the Farwell Superintendent of Bus Department. *See* Compl. (ECF No. 1). Co-plaintiff Rodney Davis represents himself and purports to represent the claims of his minor child, C.E. Davis, as the minor's next friend. Co-plaintiff Misty Davis is Rodney Davis' adult child.[1] Rodney Davis has also filed four motions (ECF Nos. 22, 23, 24 and 25). After plaintiffs filed their complaint, the Court granted their motions to proceed *in forma pauperis*. *See* Orders (ECF Nos. 6 and 15). The Court is now in a position to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons discussed below, the motions should be denied and this matter should be dismissed.

---

[1] *See* Exhibit (ECF No. 1-2, PageID.17).

I.      Discussion

A.      The original complaint

Plaintiffs' complaint is hard to follow, containing phrases and sentences which are difficult to read or unintelligible. Plaintiffs appear to set forth the following claims. In Count 1, plaintiffs allege violations of civil rights and slander which are related to incidents on two dates (3/13/17 and 9/13/17), involving the "BUS STOP – AT ROD DAVIS HOUSE". Compl. (ECF No. 1, PageID.1). These claims appear to arise from an accident in front of Rodney Davis' house involving a school bus and a flat bed trailer owned by Northern Logistics, Inc. *Id*. at PageID.2. While Northern Logistics, Inc., is not named as a defendant in the caption, plaintiffs refer to this entity and some of its employee as if they were defendants.[2] In this regard, plaintiffs allege that a Farwell School bus driver neglected to yield to traffic at 6:20 a.m. on March 13, 2017 with a busload of children which caused psychological injuries. *Id*. at PageID.3. Rodney Davis' minor child allegedly suffered mental health problems from the accident.

In a separate incident, plaintiffs allege that the school or principal "refused to produce" the minor, that someone committed false imprisonment, that someone interrogated the minor, and that someone prepared false police reports on November 1, 2016, and September 13, 2017. *Id*. at PageID.3. Ultimately, the minor child was home-schooled by a person named Ruth Nordman.[3]

---

[2] Plaintiffs' complaint identifies a person as "SAFTY", who was employed as "SAFTY FOR NORTHERN-LOGST". As discussed below, it appears that this person, sometimes referred to in the body of the complaint as a defendant, was later identified as Dave Forsberg. While it appears that Forsberg works for a private company, plaintiffs are suing him as though he is a government official (i.e., in the "individual" and "official capacity") for "refusing to produce evidence requested of a wreck." Compl. at PageID.3. In this regard, plaintiffs mention an on-site television news report and mention "subpoena bus tapes x 3." *Id*.

[3] Nordman is a defendant in another case filed by plaintiffs, *Rodney Davis et al v. Clare County DHHS CPS, et al.*, 1:20-cv-496.  This case was dismissed on November 5, 2020.

In Count 2, plaintiffs alleged "neglect and abuce [sic] of minor." *Id*. at PageID.4. Plaintiffs allege that the minor was interrogated and kidnapped by authorities, and at that time Clare County Sheriff Sean Robb told Rodney Davis "to leave or be arrested." *Id*. Plaintiffs claim that this incident was the start of a conspiracy which involved the home schooling of the minor. *Id*.

Count 3 appears to involve co-plaintiff Rodney Davis' claims for "slander by police," "due process," and "freedom from cruel & unusual punishment." *Id*. at PageID.5. Plaintiffs allege that Sheriff Robb falsified police reports related to the school's trespassing "order" against Rodney Davis and to keep him from attending the minor's interrogation. *Id*. According to plaintiffs, the S.W.A.T. team was told that Rodney Davis was a dangerous person, referencing Davis' felony convictions, his convictions for domestic violence, and his failure to take mental health medications. *Id*. Plaintiffs' complaint does not seek any relief. The original complaint appears handwritten by Rodney Davis and did not include the signature of co-plaintiff Misty Davis. The Court issued a conditional order striking the complaint as to Misty Davis (ECF No. 7). While Misty Davis submitted a signature page, the complaint does not state any facts linking her to the alleged incidents.

### B.    Rodney Davis' first attempt to amend the complaint as to all plaintiffs

After initiating this lawsuit, co-plaintiff Rodney Davis attempted to represent himself, the minor, and co-plaintiff Misty Davis by filing motions signed only by him. Rodney Davis filed a supplement which included an injunction and a request for $100,000.00 in damages (ECF No. 13) and a one-sentence "motion to amend" to "add" co-defendants, Northern Logistics, Benjamin Fiorenza Unit #2 Truck Driver, and "Dave Forsberg (SAFTY)" (ECF No. 18). The Court struck the supplement and denied the motion to amend because Rodney Davis was

attempting to represent the other co-plaintiff, Misty Davis. *See* Order (ECF No. 21). At that time, the Court advised plaintiffs that "that any future amended complaint must be signed by both of them." *Id*. at PageID.158 (emphasis omitted).

        **C.**        **Rodney Davis' motion to amend the complaint as to his claims and motion to remove co-plaintiff Misty Davis.**

Shortly thereafter, co-plaintiff Rodney Davis filed a one-page paper, signed only by him, which appears to be both a motion to amend the complaint and the amended complaint. *See* Motion/Amend. Compl. (ECF No. 24, PageID.195). Unlike the previous motion to amend, this proposed amended complaint only identifies a single plaintiff, Rodney Davis. The body of the amended complaint does not identify the defendants. Rather, the caption lists the defendants as "*Farwell School District et al.*" and "*Northern Logistic et al.*" It appears that this amended complaint was filed in response to the Court's order regarding Rodney Davis' attempt to represent the co-plaintiff Misty Davis and to the report and recommendation filed in the other federal lawsuit, *Davis et al. v. Clare County DHHS CPS*, 1:20-cv-496 (ECF No. 14), in which the magistrate judge pointed out that Rodney Davis cannot represent his minor child in a federal lawsuit.

This amended complaint consists of a cryptic list of numbered and sometimes unintelligible claims by a single plaintiff, Rodney Davis, stating: (1) pain and suffering (2) emotional stress including [physical] injury (3) [hypertension] – renal [disorder] (4) P.T.S.D. from police and [authority] figures at the school/not returning my child when [asked] for (5) discontinued her schooling at Farwell Schools to be home schooled (6) holding court in school parking lot (7) [false] statement by police on [bus] stop that was [dismissed] in court (8) due process not [school?] board approved trespassing (9) [bullying] a 13 yr-old by [interrogation] for forgery[,] [Sean] Robb said he is [seeking] [an] [indictment] [against] her – is why I could not take her home? (10) would not let me be a part of [interrogation] (11) due process (not) (12) [false]

4

imprisonment [unintelligible], and (13) P.T.S.D. on all family. PageID.195.  Rodney Davis seeks $1,000,000.00 in punitive damages and $100,00.00.  *Id*.

In an apparent attempt to clarify that he is the only plaintiff in the lawsuit, Rodney Davis filed a paper which he refers to as a motion "to remove Misty D. Davis from the suite [sic]." *See* Motion for order (ECF No. 25).  Misty Davis did not join in the motion and Rodney Davis did not file a proof of service for the motion.  Given the parties and history of this case, the Court construes the amended complaint to be an amended pleading which was intended to comply with the Court's previous orders and limited to the claims raised by *pro se* co-plaintiff Rodney Davis. Fed. R. Civ. P. 15(a)(1)(A) provides that "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it[.]" Under this rule, plaintiffs have an "absolute right to amend" the complaint.  *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir. 2000). The Court concludes that this rule applies to the proposed amended complaint (ECF No. 24, PageID.195) because the original complaint has not been served and the previous attempt to amend the complaint was not properly before the court.  In this instance, none of the defendants would be prejudiced by removing Misty Davis' claims from the complaint.  The question is whether Misty Davis consented to remove herself as a co-plaintiff.  It is possible that Misty Davis has personal knowledge of the situation, since she shares a residence with Rodney Davis.  However, to ensure that Misty Davis' rights are not prejudiced, the Court will advise Misty Davis that she may file an objection to this report in the event that she did not consent to the filing of the amended complaint.

D.     **Rodney Davis' other motions**

Rodney Davis has filed two additional motions.  First, Rodney Davis filed a "Motion to ask for a continuence [sic] to respond on all" (ECF No. 23). The complaint has not

been served and there is nothing requiring a response from Rodney Davis. Accordingly, this motion should be denied.

Second, Rodney Davis filed a motion to serve subpoenas on individuals. *See* Motion (ECF No. 22). This discovery motion is premature, the proposed subpoena forms are not properly prepared, and some of the requests make no sense. Accordingly, this motion should be denied.

### E. Failure to state a claim

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought in forma pauperis "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

The amended complaint (ECF No. 24, PageID.195) is the operative pleading in this case. However, the amended complaint does not identify the defendants and consists of nothing more than a list of grievances and a demand for $1,100,000.00. The amended complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. At most, Rodney Davis' amended complaint is "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *Id*. Accordingly, the amended complaint should be dismissed for failure to state a claim.

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's motions to serve subpoenas (ECF No. 22), for a continuance (ECF No. 23), and to remove co-plaintiff Misty Davis (ECF No. 25) be **DENIED**.

I further recommend that co-plaintiff Rodney Davis' motion to amend the complaint (ECF No. 24) be **DENIED** as unnecessary because the amended complaint was filed as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Consistent with this recommendation,

**Misty Davis is advised that she may file an objection to this report if she did not consent to the filing of the amended complaint.**

I further recommend that the amended complaint (ECF No. 24) be **DISMISSED** and that this action be **TERMINATED**.

Date:  January 26, 2021                         /s/ Ray Kent
                                                RAY KENT
                                                U.S. Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).