UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY E. DAVIS, *et al.*,

    Plaintiffs,

v.

FARWELL SCHOOL DISTRICT, *et al.*,

    Defendants.

_____/

Case No. 1:20-cv-488

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs Rodney E. Davis ("Rodney Davis") and Misty D. Davis ("Misty Davis"), proceeding pro se, initiated this action in this Court on June 1, 2020 with the filing of a Complaint against Farwell School District, Dee Yader, Farwell Board of Education, and Farwell Superintendent of Bus Department (ECF No. 1).  Plaintiffs were granted leave to proceed in forma pauperis (ECF Nos. 6 & 15).  In July 2020, Plaintiff Rodney Davis filed motions to serve subpoenas (ECF No. 22), for a continuance (ECF No. 23), to amend the complaint (ECF No. 24) and to remove co-plaintiff Misty Davis (ECF No. 25).  On January 26, 2021, pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued a Report and Recommendation (R&R), recommending that the motions be denied and this action be dismissed for failure to state a claim (ECF No. 26).  The matter is presently before the Court on Plaintiff Rodney Davis' February 9, 2021 Objections to the Report and Recommendation (ECF Nos. 27 & 28[1]).  Plaintiff Misty Davis did not file any objections.

---

[1] Plaintiff submitted two copies of his Objections.

In his objections to the Report and Recommendation, Plaintiff Rodney Davis indicates that "th[e]re was never any (equal justice)" and that this case should be "remanded to Eastern District of Michigan," where Plaintiff indicates he resides. According to Plaintiff, this Court has "n[o] jurisdiction to mak[e] any judgement on this." Plaintiff's objections confuse the concept of jurisdiction with the concept of venue. The venue statute is "not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such, may be waived by them." *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953) (holding that the plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue). Plaintiff wholly fails to address, let alone demonstrate any error in, the Magistrate Judge's analysis of his motions or the plausibility of the allegations of his Amended Complaint. Therefore, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court denies the Objections and adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Because this Opinion and Order resolves all pending claims, a Judgment will also be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Further, because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 27 & 28) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 26) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint (ECF No. 24) is DISMISSED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff Rodney Davis' motions to serve subpoenas (ECF No. 22), for a continuance (ECF No. 23), and to remove co-plaintiff Misty Davis (ECF No. 25) are DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff Rodney Davis' motion to amend the complaint (ECF No. 24) is DENIED as moot for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.

Dated: March 17, 2021

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge